UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE SPECIALISTS OF MICHIGAN, P.C.,
(Stella Najor and Aracelis Najjar)

            Plaintiff,                      Civil Case No. 15-14102
                                                Honorable Linda V. Parker

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign
corporation, and CITIZENS INSURANCE
COMPANY OF AMERICA,

            Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT CITIZENS INSURANCE COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 32]

On July 14, 2015, Plaintiff Spine Specialists of Michigan, P.C. ("Plaintiff" or "Spine Specialists") filed this lawsuit in a Michigan state court against Defendant Allstate Property & Casualty Insurance Company ("Allstate"). (ECF No. 1-1 at Pg ID 17.) An amended complaint was filed on August 31, 2015, naming Citizens Insurance Company of America ("Citizens") as a Defendant. (*Id.* at Pg ID 22.) Citizens was served on October 30, 2015, and removed Plaintiff's Amended Complaint to federal court on the basis of diversity jurisdiction on November 23, 2015. (ECF No. 1 at Pg ID 3.) Presently before the Court are

Citizens' (1) motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 on November 28, 2016 (ECF No. 32) and (2) motion to dismiss for failure to comply with discovery, or in the alternative, to compel the deposition of Dr. Louis Radden (ECF No. 33). The motions have been fully briefed. For the following reasons, the Court grants Citizens' motion for summary judgment and denies as moot Citizens' motion to dismiss.

I.  **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a

genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Rule 56 provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (internal quotations and brackets omitted).

Notably, the trial court is not required to construct a party's argument from the record or search out facts from the record supporting those arguments. *See, e.g., Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("the

3

trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)); *see also InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). The parties are required to designate with specificity the portions of the record such that the court can "readily identify the facts upon which the...party relies[.]" *InterRoyal Corp.*, 889 F.2d at 111.

## II.     Factual and Procedural Background

On March 18, 2014, Stella Najor ("Stella") and Aracelis Najjar ("Aracelis") were injured in a motor vehicle accident. (Amend. Compl. ¶ 4.) At the time of the accident, Najor had a policy of no-fault insurance with Allstate and Najjar with Citizens.[1]  (ECF No. 32-3-4.) On May 27, 2014, Najor and Najjar visited Dr. Louis Radden, a doctor employed with Plaintiff Spine Specialists, for injuries related to the motor vehicle accident. (ECF No. 32-6.)

---

[1] Most of the facts in this section were provided in Defendant Citizens' motion for summary judgment. The facts were unopposed by Plaintiff in their opposition brief.

On July 30, 2014, Citizens received a telephone call from a representative of Allstate advising them of a motor vehicle accident that occurred in a vehicle owned by Martin Najjar.[2] (ECF No. 32-7 at Pg ID 454.) On August 13, 2014, an adjuster from Citizens spoke with Mr. Najjar to arrange for a meeting to obtain an in-person statement about the accident from Stella and Aracelis. Mr. Najjar stated he would reach out at a later time with a date for a meeting, but failed to do so. The Citizens adjuster reached out again on September 3, 2014; September 23, 2014; and October 9, 2014. (ECF No. 32 at Pg ID 210.) During the first follow-up call on September 3rd, Mr. Najjar stated he would call back with a date for Citizens to obtain an in-person statement. (*Id.*; *see also* ECF No. 32-8 at Pg ID 472.) On September 23rd, the Citizens adjuster followed up again and was told by Mr. Najjar that he was at work but would call back the next day. (ECF No. 32-8 at Pg ID 471-72.) On October 9th, the Citizens adjuster again attempted to determine a date for an in-person statement and left a voicemail, but never received a phone call in return. (ECF No. 32-8 at Pg ID 471.)

After the failed attempts to obtain an in-person statement, Citizens issued a reservation of rights letter on November 7, 2014. (ECF No. 32-10 at Pg ID 498.) This letter highlighted the importance of the in-person statement in determining whether coverage will be provided under the policy:

---

[2] Based on deposition testimony, Martin is the husband of Aracelis Najjar. (Aracelis Dep., July 19, 2016, at 5:21-24, ECF No. 32-9.)

> At this time, we have a lack of sufficient proof and information for any injuries/conditions possibly related to the motor vehicle accident listed above. We have also had no success in arranging a statement with the involved parties and without cooperation our investigation cannot move forward to make any determinations. All benefits will remain pending until we have completed our investigation.
>
> We need to arrange a time for an in person statement with Jacob Way with Citizens Insurance Company has made attempts to arrange prior to this correspondence.

(*Id.*) Citizens did not receive any contact from Mr. Najjar, Stella, or Aracelis after sending that letter. (ECF No. 32 at Pg ID 210.)

The next contact that Citizens received regarding the March 18, 2014 accident was ten months later, on August 21, 2015. (*Id.*) On August 21st, Allstate contacted Citizens advising that Aracelis also may have coverage under Citizens. (*Id.*) Citizens notified Allstate at that time that there had been no contact from the claimant. (*Id.* at Pg ID 211.)

Shortly after, on September 9, 2015, Citizens received a pro rata claim from Allstate. (*Id.*) At this time, Citizens had not yet received any information regarding the nature of Stella or Aracelis's injuries. (*Id.*) Citizens also did not have "any application for benefits or even a single bill submitted for payment." (*Id.*) The adjuster for Citizens reached out to Allstate requesting further information, but did not receive a response. (*See* ECF No. 32-8 at Pg ID 465-68.)

During her deposition, Stella testified that she provided notice of the accident to Allstate within a few days; however, she was unaware if she provided notice to Citizens. (Stella Dep., July 19, 2016 at 27:10-19, ECF No. 32-5.) Similarly, Aracelis believed her husband provided notice to Citizens but was unsure of when this occurred. (Aracelis Dep., July 19, 2016, at 19:9-16, ECF No. 32-9.)

Spine Specialists then initiated this lawsuit on August 31, 2015, seeking to recover the total amount of liability pursuant to personal protection benefits offered by Allstate and Citizens. (Amend. Compl. ¶ 17(a).)

### III. Citizens' Motion for Summary Judgment Argument

Citizens argues in its summary judgment motion that Plaintiff's action is barred by the no-fault act's statute of limitations, Mich. Comp. Laws § 500.3145(1). In particular, Citizens contends that it never received notice of the injury pursuant to the statute's notice requirements within the statute of limitations time frame. Section 500.3145(a) limits recovery in an action for personal protection insurance benefits to those losses incurred within one year preceding the commencement of an action to recover such benefits. *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 547 (Mich. 2005). Because Plaintiff seeks recovery of benefits incurred by Stella and Aracelis no later than March 18, 2014, Citizens argues that this lawsuit—filed more than a year later—is time-barred.

In their untimely opposition brief,[3] Plaintiff contends that its lawsuit is not barred by the no-fault act's statute of limitations because Citizens was notified of the accident on July 30, 2014—well within one year of the accident and within one year of when the claims were incurred. (ECF No. 36 at Pg ID 669.)

**IV. Applicable Law and Analysis**

Plaintiff's action for recovery of personal protection insurance benefits is governed by the no-fault act, Mich. Comp. Laws § 500.3145(1). The no-fault act's statute of limitations provides in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury **unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident** or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. **The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.**

---

[3] The Court notes that Plaintiff filed their response brief nearly three months after Defendant's filed their motion for summary judgment. Eastern District of Michigan Local Rule 7.1(3)(1)(B) establishes the following deadline for an opposition brief: "[a] response to a dispositive motion must be filed within 21 days after service of the motion."

8

Mich. Comp. Laws § 500.3145(1) (emphasis added).  The parties first dispute whether the notice requirements of the statute were satisfied in this matter.

Before discussing whether Citizens' was sufficiently notified of the nature of Stella and Aracelis's injuries, the Court first notes that the statute makes clear that *written* notice is required.  *Id.*  In this matter, there is no evidence that written notice was provided to Citizens.  Plaintiff alleges that Citizens received notice through a phone call with Allstate on July 30, 2014; however, that does not satisfy the written notice requirement.  On this issue alone, the Court finds that Citizens was never provided written notice within a year of the accident, as required by the statute.

The Court will now turn to the crux of Citizens' argument, which focuses on whether Plaintiff provided sufficient information on the nature of the injuries that resulted from the motor vehicle accident.  The Michigan Court of Appeals has held that "[t]he notice [of loss] must be specific enough to inform the insurer of the nature of the loss."  *Mousa v. State Auto. Ins. Cos.*, 460 N.W.2d 310, 311 (Mich. Ct. App. 1990).  More recently, in *Dillon v. State Farm Mutual Auto. Ins. Cos.*, the Court of Appeals discussed how specific a notice of injury must be under Section 500.3145(1).  889 N.W.2d 720, 721 (Mich. Ct. App. 2016).

In *Dillon*, plaintiff was injured in a motor vehicle accident. *Id.* Plaintiff went to the hospital, where she primarily complained of upper and lower back pain. *Id.* The hospital did not make note of any significant injuries after "various imaging studies." *Id.* Shortly after the accident, plaintiff notified her insurance company of injuries to her lower back and left shoulder. *Id.* Plaintiff did not make any mention of injury to her left hip, and the insurance company made payments related to the injuries that plaintiff had identified. *Id.* Almost three years after the accident, plaintiff sought treatment for hip pain that she attributed to the motor vehicle accident. *Id.* The insurance company denied the claim because she did not provide notice of a hip injury within a year of the accident. *Id.* at 722.

The *Dillon* Court engaged in a textual analysis, and held that "[t]he fact that defendant received notice that plaintiff suffered physical injuries in a motor vehicle accident was sufficient to satisfy the statute." *Id.* at 724. The court relied on the definition of "nature" as provided in *Merriam-Webster's Dictionary*, and stated that nature in this context is defined as "a kind or class [usually] distinguished by fundamental or essential characteristics[.]" *Id.* at 723. The court discussed how plaintiff had satisfied the "nature of injury" requirement as provided in the statute by notifying the insurance company of her physical injuries. *Id.* at 723-24.

Unlike the plaintiff in *Dillon*, Plaintiff failed to provide Citizens notice of the "kind or class" of injuries that Stella or Aracelis suffered as a result of the

motor vehicle accident.  Defendant Citizens made numerous attempts to determine the nature of injuries, but was not provided any information regarding the nature until this lawsuit commenced well over a year after the accident.  As the no-fault statute makes clear, a party cannot recover personal protection insurance benefits within a year following the accident unless written notice of the injury is provided, and "[t]he notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."  Mich. Comp. Laws § 500.3145(1).

Spine Specialists filed the instant action on July 14, 2015, and amended the complaint to add Citizens as a defendant on August 31, 2015.  (ECF No. 1-1 at Pg ID 17; 22.)  As stated above, no evidence has been presented that written notice was provided prior to the filing of this action.  To recover all of the benefits for which Plaintiff seeks reimbursement, Plaintiff was required to provide written notice by March 18, 2015—one year after the injury occurred.  Because Citizens was not provided written notice until August 31, 2015, this action is barred by Section 500.3145.

Accordingly,

**IT IS ORDERED** that Defendant Citizens Insurance Company of America's motion for summary judgment (ECF No. 32) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Citizens Insurance Company of America's motion to dismiss (ECF No. 33) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Citizens are **DISMISSED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 16, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 16, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager