UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE SPECIALISTS OF MICHIGAN, P.C.,
(Stella Najor and Aracelis Najjar)

                Plaintiff,                    Civil Case No. 15-14102
                                                        Honorable Linda V. Parker

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign
corporation, and CITIZENS INSURANCE
COMPANY OF AMERICA,

                Defendants.
_____/

## OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 41]

On July 14, 2015, Plaintiff Spine Specialists of Michigan, P.C. ("Spine Specialists") filed this lawsuit in a Michigan state court against Defendant Allstate Property & Casualty Insurance Company ("Allstate") for the reimbursement of PIP benefits. (ECF No. 1-1 at Pg ID 17.) Plaintiff filed an amended complaint on August 31, 2015, naming Citizens Insurance Company of America ("Citizens") as a Defendant. (*Id.* at Pg ID 22.) Citizens removed Plaintiff's Amended Complaint to federal court based on diversity jurisdiction on November 23, 2015. (ECF No. 1 at Pg ID 3.) Presently before the Court is Allstate's motion for summary judgment

filed pursuant to Federal Rule of Civil Procedure 56 on August 17, 2017. (ECF No. 41.) The motion has been fully briefed. For the following reasons, the Court grants, in part, and denies, in part, Allstate's motion for summary judgment.

I.     **Factual and Procedural Background**

On March 18, 2014, Stella Najor ("Najor") and Aracelis Najjar ("Najjar") were injured in a motor vehicle accident. (Amend. Compl. ¶ 4.) At the time of the accident, Najor had a policy of no-fault insurance with Allstate and Najjar with Citizens. (ECF No. 1-1 at Pg ID 24.) On May 27, 2014, Najor and Najjar visited Plaintiff for treatment for the injuries sustained from the motor vehicle accident. (ECF No. 32-6 at Pg ID 446.) On that date, Najor also assigned her rights to PIP benefits to Plaintiff. (ECF No. 45-3 at Pg ID 948.) Despite Plaintiff submitting proof of its claims to Defendants, Defendants refused to pay. Plaintiff then initiated this lawsuit on July 14, 2015 and amended its complaint on August 31, 2015, seeking to recover the total amount of liability pursuant to the personal protection benefits offered by Allstate and Citizens. (ECF No. 1-1.)

On November 23, 2015, this matter was removed to federal court. In an Order and Opinion dated August 16, 2017, this Court granted Citizens' motion for summary judgment and dismissed Citizen from the case. (ECF No. 40). On September 13, 2017, the parties stipulated to the dismissal of Plaintiff's claims on

behalf of Najjar. (ECF No. 42.) Allstate filed the instant motion on August 17, 2017 for Plaintiff's remaining claims on behalf of Najor. (ECF No. 41.)

II.     **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Rule 56 provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (internal quotations and brackets omitted).

Notably, the trial court is not required to construct a party's argument from the record or search out facts from the record supporting those arguments. *See, e.g., Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact") (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)); *see also InterRoyal Corp. v. Sponseller*,

4

889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). The parties are required to designate with specificity the portions of the record such that the court can "readily identify the facts upon which the...party relies[.]" *InterRoyal Corp.*, 889 F.2d at 111.

### III. Applicable Law and Analysis

Allstate presents five arguments in support of its motion for summary judgment. First, relying on *Covenant Med. Ctr. v. State Farm Mutual Automobile Ins. Co.*, 895 N.W.2d 490 (Mich. 2017), Allstate argues that Plaintiff lacks standing to bring a direct cause of action against an insurer for PIP benefits. Second, Allstate contends that no contract exists between Plaintiff and Allstate. Third, Allstate argues that Plaintiff is an incidental beneficiary to the insurance contract, and therefore, cannot sue for breach of contract. Fourth, Allstate contends that its insurance policy with Najor included an anti-assignment clause, which precluded the transfer of policy benefits. Finally, Allstate asserts that any purported assignment is invalid because it would be inconsistent with the Michigan local court rules.

### a. The *Covenant* Holding

The Michigan No-Fault Act, Mich. Comp. Laws § 500.3112, provides, in pertinent part: "Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his death, to or for the benefit of his dependents." The parties note that prior to *Covenant*, Michigan courts have interpreted § 500.3112 to read that a healthcare provider may bring at direct cause of action against an insurer. However, in *Covenant*, the Michigan Supreme Court overruled this former precedent and held that "a review of the plain language of the no-fault act reveals no support for plaintiff's arguments that a healthcare provider possess a statutory cause of action against a no-fault insurer." 895 N.W.2d at 504-05. Therefore, Michigan law precludes healthcare providers from directly suing insurers for PIP benefits.

Although Plaintiff does not dispute that *Covenant* precludes it from bringing an independent cause of action against Allstate, Plaintiff suggests that the Court applies the *Covenant* holding prospectively. However, this Court is not in a position to decide issues of state law as well as to refuse to apply the Michigan courts' interpretation of its laws. "The highest court of each State, of course, remains 'the final arbiter of what is state law.'" *Montana v. Wyoming*, 563 U.S. 368, 377 n.5 (2011) (citing *West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 236, 237 (1940) ("[I]t is the duty of [federal courts] in every case to

6

ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law.'"). However, if the highest court has not decided an issue, as is the case here, federal courts are required to follow the decisions of the lower state courts. *Wieczorek v. Volkswagenwerk, A.G.*, 731 F.2d 309, 310 (6th Cir. 1984) ("In order to determine the Michigan law, we thus turn to the decisions of the Michigan intermediate courts, which are binding authority in federal courts in the absence of any Michigan Supreme Court precedent.") Therefore, because the Michigan Supreme Court has not decided the issue of retroactivity as it applies to *Covenant*, the Michigan Court of Appeals decision, *W.A. Foote Memorial Hosp. v. Mich. Assigned Claims Plan*, No. 333360, Mich. App. LEXIS 1391, at *39 (Mich. Ct. App. Aug. 31, 2017) is controlling. Contrary to Plaintiff's assertion, *W.A. Foote Memorial Hospital* held that *Covenant* applies retroactively. Therefore, applying *Covenant*, Plaintiff does not have standing under Mich. Comp. Laws § 500.3112 to bring an independent cause of action against Allstate for PIP benefits.

Accordingly, this Court grants Allstate's motion for summary judgment to the extent Plaintiff seeks an independent cause of action for PIP benefits pursuant to Mich. Comp. Laws § 500.3112.

### b. Plaintiff's Request to Amend Complaint

Alternatively, in its response[1] to Allstate's motion for summary judgment, recognizing it did not include a cause of action for an assignment, Plaintiff requests that it be granted leave to amend its complaint to include a claim for PIP benefits pursuant to its assignment. Plaintiff correctly points out that *Covenant*'s holding did not apply to assignments, and the Michigan Supreme Court specifically preserved the insured's option to assign its benefits. The court noted that its decision does not affect the insured's ability to assign past and present benefits. *See Covenant*, 895 N.W.2d at 505 n.40.

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is

---

[1] Plaintiff does not address Allstate's argument concerning Plaintiff's status as an incidental beneficiary to the insurance contract. Rather, Plaintiff's position is that pursuant to its assignment it had a valid contract with Allstate.

8

subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The Court now turns to the factors for determining whether Plaintiff should be allowed to amend its complaint. There is no evidence before the Court that Plaintiff acted in bad faith or for a dilatory purpose. Plaintiff filed this lawsuit on July 14, 2015 based on precedent at that time that permitted healthcare providers to bring independent actions against insurers. The Michigan Supreme Court issued its opinion in *Covenant* on May 25, 2017 overruling previous precedent. Subsequently, Allstate filed its motion for summary judgment in light of that decision on August 17, 2017. In Plaintiff's response to Allstate's motion for summary judgment, Plaintiff requested leave to amend its complaint to be consistent with *Covenant*. Additionally, the Court does not find that if it were to allow Plaintiff to amend its complaint it would cause undue delay. There is likely no need for additional discovery, and if there is a need, discovery would be limited to the issue of the assignment. Further, Allstate would not be prejudiced because it will continue to defend the same substantive merits of the case, which remains the reimbursement of PIP benefits.

However, the parties dispute the futility of the amendment. According to Allstate, the alleged assignment between Plaintiff and Najor is invalid because the insurance policy between it and Najor precluded assignments. The policy states:

"This policy can't be transferred to anyone without our written consent." (ECF No. 41 at Pg ID 799.) However, Defendant's position is contrary to Michigan's law regarding assignments that occur after a loss, which is precisely what occurred in this case. The Michigan courts make a distinction between pre-loss assignments and post-loss assignments.

> [I]n *Roger Williams Insurance Co. v. Carrington,* 43 Mich. 252 N.W.2d, 5 N.W. 303 303 (1880), the Michigan Supreme Court recognized the rule that a clause in an insurance policy prohibiting an assignment by the insured is ineffective to preclude the insured from making an assignment after a loss has occurred:
>
>> The assignment having been made after the loss did not require the consent of the company. The provision of the policy forfeiting it for an assignment without the company's consent is invalid, so far as it applies to the transfer of an accrued cause of action. It is the absolute right of every person -- secured in this state by statute -- to assign such claims, and such a right cannot be thus prevented. It cannot concern the debtor, and it is against public policy.
>
> *Id.* at 254, 5 N.W.2d at 304. The rule stated in *Roger Williams Insurance,* and applied by the majority of courts, recognizes the distinction between pre-loss assignments, which can be prohibited, and post-loss assignments, which cannot be prohibited, in that a pre-loss assignment involves a transfer of a contractual relationship, whereas a post-loss assignment is a transfer of a chose [sic] in action or a right to a money claim. *See generally Couch on Insurance 3d* §§ 34:25, 35:7 (1997); *Straz v. Kansas Bankers Sur. Co.,* 986 F. Supp. 563, 569 (E.D. Wis. 1997).

*Century Indem. Co. v. Aero-Motive Co.,* No. 1:02-cv-108, 2004 U.S. Dist. LEXIS 31180, at *7-8 (W.D. Mich. Mar. 12, 2004). "The purpose of a non-assignment clause is to protect the insurer from an increase to the risk it has agreed to insure.

10

But when events giving rise to an insurer's liability have already occurred, the insurer's risk is not increased by a change in the insured's identity." *Id*. at *12-13 (citing *Gopher Oil Co. v. American Hardware Mutual Insurance Co.,* 588 N.W.2d 756 (Minn. Ct. App. 1999)); *see also Ocean Accident & Guar. Corp. v. Southwestern Bell Tel. Co.,* 100 F.2d 441, 444 (8th Cir. 1939) ("[A]fter the event occurs giving rise to the liability the reason for the rule disappears and the cause of action arising under the policy is assignable . . . .").

In this case, the assignment to Plaintiff was not the contractual relationship between Allstate and Najor, whereby Allstate's insurance coverage would extend to Plaintiff causing Allstate to be liable to any insured loss by Plaintiff. Rather, the assignment between Plaintiff and Najor was a post-loss assignment that assigned Najor's right to pursue her benefits due under her policy, which is permissible.

Under Mich. Comp. Laws. § 500.3143, "[a]n agreement for assignment of a right to benefits payable in the future is void." Michigan courts have interpreted this provision to allow the assignment of past and present benefits. *See Professional Rehab. Assocs. v. State Farm Mut. Auto Ins. Co.*, 228 Mich. App. 167,172 (Mich. Ct. App. 1998) ("[W]e believe that if the Legislature had intended to prohibit the assignment of all rights, it would not have included the word 'future' in the language of the statute.") Accordingly, the Court does not find that the anti-assignment clause is enforceable. *See Century Indem. Co.*, 2004 U.S. Dist.

LEXIS 31180, at *14 ("When the event giving rise to the insurer's liability occurs, the reason for enforcing an anti-assignment clause disappears because the insurer's liability becomes fixed . . ." and there is no longer a risk.").

Next, Allstate offers several general arguments as to why the Court should find the assignment invalid. However, none of the arguments put forth specifically deals with Plaintiff's alleged assignment. For example, Allstate asserts that the Court must ascertain the facial validity of the assignment, but does not provide any analysis regarding the facial validity of the May 27, 2014 assignment. The assignment provides:

> I, Stella Najor, do hereby assign my rights to collect No-Fault Insurance Benefits in the form of medical expenses from my auto insurer Allstate to Dr. Louis Radden, D.O. of the Spine Specialists of Michigan, P.C. This assignment of my right does not include my right to any other No-Fault benefits that I may be entitled under the Michigan No-Fault Act.

(ECF No. 45-3 at Pg ID 948.) Further, Plaintiff states, "[c]learly, STELLA NAJOR assigned to Plaintiff her rights to pursue Defendant for payment of Plaintiff's charges—charges that she incurred prior to her execution of the assignment[2]." (ECF No. 45-1 at Pg ID 937.)

---

[2] The Court disagrees with Plaintiff that the assignment encompassed all of Najor's rights under the No-Fault Act. The assignment specifically states the assignment does not include any other benefits other than the medical expenses. *See* ECF No. 45-3 at Pg ID 948.

In addition, Allstate argues that the assignment would subject Allstate to piecemeal litigation and joinder issues. However, the Court of Appeals of Michigan has already addressed this issue in *Garrett v. Washington*, 314 Mich. App. 436 (Mich. Ct. App. 2016).

> A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is *immediately* entitled to PIP benefits without the need to prove fault. *See* MCL 500.3105(2); MCL 500.3107. The PIP benefits are designed to ensure that the injured person receives timely payment of benefits so that he or she may be properly cared for during recovery. *Shavers v Attorney General*, 402 Mich. 554, 578-579; 267 N.W.2d 72 (1978). Moreover, the injured person has a limited period within which to sue an insurer for wrongfully refusing to pay PIP benefits. *See* MCL 500.3145(1). Because an injured person is immediately entitled to PIP benefits without regard to fault, requires those benefits for his or her immediate needs, and may lose the benefits if he or she does not timely sue to recover when those benefits are wrongfully withheld, the injured person has a strong incentive to bring PIP claims immediately after an insurer denies the injured person's claim for PIP benefits.

*Id.* at 444. The *Garrett* court distinguished between the types of no fault benefits to which the insured is entitled, including uninsured motorists benefits, to which the insured is not entitled without proving the uninsured motorists was at fault. *Id.* at 445; *see also Adam v. Bell*, 311 Mich. App. 535 (Mich. Ct. App. 2015) ("Thus, while an injured person will likely have all the facts necessary to make a meaningful decision to pursue a PIP claim within a relatively short time after an accident, the same cannot be said for the injured person's ability to pursue a claim for uninsured motorist benefits. Finally, an injured person's claim for uninsured

13

motorist benefits involves compensation for past and future pain and suffering and other economic and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery."). As such, relying on *Adam*, the court in *Garrett* found that requiring mandatory joinder of all no-fault benefits would be inconsistent with the legislature's intent. *Id.* at 446; *see also Advanced Surgery Ctr., LLC v. Allstate Ins. Co.*, No. 17-cv-12492, 2017 U.S. Dist. LEXIS 175732, at *7-8 (E.D. Mich. Oct. 24, 2017) ("[N]ot all of those benefits may accrue at the same time. For example, the Act provides that wage loss benefits are payable for the first three years after an accident, whereas there is no such limitation on medical expenses. An injured person remains free to file suit at any time in his life for unpaid medical expenses, so long as suit is filed within one year after the last unpaid expense. MCL 500.3145 ('one year back rule'). The Act contemplates that a complaint may be filed seeking no-fault benefits from time to time."); *Adam*, 311 Mich. App. at 535. Because it is clear that an insured may be entitled to different no fault benefits at different times, Defendant's position is unpersuasive. For the foregoing reasons, the Court finds that Plaintiff's amendment would be not be futile.

Finally, pursuant to Mich. Comp. Laws § 500.3145, the statute of limitations for Plaintiff's claim is one year.

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be

14

commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

Although Plaintiff's original action was filed on July 15, 2014, within the statutory period, Plaintiff's amendment to enforce its assignment falls outside the statutory period. Accordingly, the Court must turn to Federal Rule of Civil Procedure 15(c)(1)(B). "An amendment to a pleading relates back to the date of the original pleading when: the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Allstate argues that Plaintiff did not have standing when it filed its original complaint in light of *Covenant*. The Court disagrees. Plaintiff had standing at the time it filed its original complaint because *Covenant* had not been decided. Furthermore, the motor vehicle accident occurred on March 18, 2014, and the assignment was executed on May 27, 2014, within the statutory period. The Court finds the amendment relates back to the date the original action was filed because it concerns the same healthcare provider, insurance policy/PIP benefits, motor vehicle accident, as well as injuries and medical expenses as a result of the motor vehicle accident.

Therefore, the Court grants Plaintiff's request to file a Second Amended Complaint to include a claim to enforce its assignment.

## IV. Conclusion

For the reasons stated above, the motion is granted, in part, and denied, in part.

Accordingly,

**IT IS ORDERED** that Defendant Allstate's motion for summary judgment (ECF No. 41) is **GRANTED, in part**;

**IT IS FURTHER ORDERED** that the motion is granted to the extent that Plaintiff lacks standing to assert a claim for PIP benefits pursuant to Mich. Comp. Laws § 500.3112;

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint, no later than 30 days from the date of this order.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 12, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager